UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CREGG MITCHELL-FEAZELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-CV-30-DCLC-CRW |
| ) | |
| CAMPBELL COUNTY JAIL, ) | |
| CAPTAIN STONEY LOVE, ) | |
| LT. MALLORY CAMPBELL, ) | |
| SGT. KATHY WILSON, and ) | |
| CORPORAL N. WELLS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Cregg Mitchell-Feazell, an inmate housed in the Campbell County Jail, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1], and motions for leave to proceed *in forma pauperis* [Docs. 4 and 6]. For the reasons set forth below, Plaintiff's most recent motion for leave to proceed *in forma pauperis* will be **GRANTED**, Plaintiff's initial motion will be **DISMISSED** as moot, and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted.

I. **MOTION TO PROCEED *IN FORMA PAUPERIS***

Because it appears from Plaintiff's most recent motion for leave to proceed *in forma pauperis* that he is unable to pay the filing fee, this motion [Doc. 6] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee, 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding

month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §§ 1915(e)(2)(B). The dismissal standard that the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The Supreme Court has instructed that courts should liberally construe pro se pleadings and hold them "to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above the speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570 (citation omitted).

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

**B.  Plaintiff's Allegations**

On or about February 3, 2022, Plaintiff requested a Kofi prayer mat, a Quran, and a kosher diet from person(s) at the Campbell County Jail [Doc. 1 p. 12]. Plaintiff's request for a prayer mat was not answered, and Plaintiff filed a grievance concerning the request on February 14, 2022 [*Id*.]. Plaintiff maintains that the facility's handbook states that grievances should be resolved within seventy-two hours, but that his grievance was not resolved by the time he filed the instant complaint on February 17, 2022 [*Id*.].

Plaintiff was told by an unnamed person that the library would provide him a Quran, but he had still not received a Quran by the time he filed a grievance regarding the issue on February 14, 2022 [*Id*.].

When Plaintiff requested a kosher diet due to religious beliefs, he was "told that [he] would be placed on a kosher diet" [*Id*.]. Plaintiff still had not begun to receive kosher meals as of February 14, 2022, however, prompting him to file a grievance concerning the lack of a kosher diet [*Id*.].

C.  Analysis

Plaintiff has named the Campbell County Jail, Captain Stoney Love, Lt. Mallory Campbell, Sgt. Kathy Wilson, and Corporal N. Wells as Defendants [Doc. 1 p. 1-3]. However, a jail is not a person subject to liability under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Additionally, Plaintiff has not alleged that any individual Defendant engaged in the conduct of which he complains, and therefore, he has failed to state a claim against the remaining Defendants. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Therefore, Plaintiff has failed to name a viable Defendant in this action, and all named Defendants will be dismissed.

The Court otherwise notes that while prisoners retain a First Amendment right to freely exercise their religion, that right may be restricted in a means reasonably related to a legitimate penological interest. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-49 (1987); *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Turner v. Safley*, 482 U.S. 78, 89 (1987). In ensuring that this right is protected, prisons do not have to respond to every religious request of an inmate; it only must allow prisoners a reasonable opportunity to exercise their faith. *Cruz*, 405 U.S. at 322 n.2. Plaintiff has no constitutional right to require prison officials to purchase or provide him religious materials – "[a]t most, [religious] materials cannot be denied to prisoners if someone offers to supply them." *Cruz*, 405 U.S. 319, 323 (Burger, C.J., concurring).

4

Plaintiff does not identify his religious affiliation or the current availability of the religious materials he seeks. That is, Plaintiff does not allege that the Campbell County Jail has prayer mats and Qurans that they are refusing to provide, nor does he allege that the Campbell County Jail has refused to allow someone to donate those materials to Plaintiff. Additionally, Plaintiff does not allege that any named Defendant (or Campbell County itself) has indicated that he will not receive a kosher diet. In fact, Plaintiff alleges just the opposite. The mere fact that his request was not immediately met does not, in and of itself, violate Plaintiff's constitutional rights.

Moreover, insofar as Plaintiff complains of the lack of a response to his grievance within seventy-two hours, Defendants face no constitutional liability for failure to remedy, or even respond to, Plaintiff's grievances. Inmates have no constitutional right to a grievance procedure, and they therefore have no interest in having any such grievances satisfactorily resolved. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Accordingly, Defendants cannot be held liable for failing to remedy Plaintiff's complaints. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

Plaintiff's allegations could also implicate the Equal Protection Clause of the Fourteenth Amendment, which provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. In order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports*

*Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)). An equal protection claim is not established merely on differential treatment "— a discriminatory intent or purpose is required." *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019).

Plaintiff has set forth no facts from which this Court could infer that any named Defendant purposely denied him religious materials and/or diet for a discriminatory purpose. Therefore, Plaintiff's allegations fall short of establishing a claim that he has been denied equal protection of the laws, and any such claim will be dismissed.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's most recent motion for leave to proceed *in forma pauperis* [Doc. 6] is **GRANTED**, and his initial motion [Doc. 4] is **DENIED** as moot;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Even liberally construing Plaintiff's complaint, he fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge